UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 87-10338-BC
        Honorable Thomas L. Ludington

REAL PROPERTY IN SECTION 9,
TOWN 29 NORTH, RANGE 1 WEST,
TOWNSHIP OF CHARLTON,
OTSEGO COUNTY, MICHIGAN,

        Defendant,

DANIEL S. GAHAGAN,

        Claimant.
_____/

**ORDER DENYING CLAIMANT'S MOTION FOR RECONSIDERATION,
CLARIFYING DATES FOR EVIDENTIARY HEARING, DIRECTING THE
EXCHANGE OF WITNESS LIST, AND PERMITTING GAHAGAN TO FILE
SUMMARY JUDGMENT MOTION**

On March 8, 2007, the Court issued an opinion addressing numerous post-trial matters following a jury verdict finding that Parcels C-1, D-1, and D-3 were subject to forfeiture in favor of the government, the former two on both facilitation and proceeds theories, and the latter on a proceeds theory. However, the jury found claimant Daniel Gahagan was an innocent owner with respect to Parcel D-3. In its opinion, the Court summarized its rulings as follows:

> [B]efore the Court [are] several post-trial motions filed primarily, but not solely, by the remaining claimant in this case, Daniel Gahagan ("Gahagan"): (1) a motion by Gahagan for property tax relief and damages; (2) a petition by Gahagan pursuant to the Excessive Fines Clause of the Eighth Amendment; (3) a motion for entry of judgment by the government against Michael Gahagan and any claims he may have had; (4) a motion by Gahagan, purporting to be the executor of his late mother and former claimant Agnes Gahagan's estate, for attorney fees as a prevailing party under CAFRA; and (5) a motion by Gahagan for judgment as a matter of law. The parties have filed responses to the respective submissions.

> The Court has considered the parties' submissions and heard oral argument on February 20, 2007 with counsel for the government present and Daniel Gahagan participating by telephone. Michael Gahagan listened to the argument telephonically with the consent of the Court.  The Court now concludes that the claimant's motions, save for his motion for property tax relief and damage, lack merit, the government is entitled to a judgment against the claims of Michael Gahagan, and an evidentiary hearing is necessary to resolve Daniel Gahagan's claims for tax relief and damages.

Dkt # 822, Op.& Order at 3-4 (May 8, 2007).

On March 19, 2007, claimant Gahagan filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.1(g).  The Court initially directed the government to respond and scheduled the matter for hearing on May 14, 2007.  However, following a status conference held on April 5, 2007, the Court observed that a response from the government was not necessary in light of its previous submissions and its submission for the status conference itself. Further, the Court has reviewed the claimant's submissions, finds that the relevant law and facts have been set forth in the motion papers, and concludes that oral argument will not aid in the disposition of the motion.  Accordingly, it is **ORDERED** that the motion be decided on the papers submitted.  *See* E.D. Mich. LR 7.1(e)(2).

In his papers, Gahagan challenges the Court's determination that an evidentiary hearing is necessary on his claim for tax relief and property damages; that the jury's finding of forfeiture with respect to Parcel C-1 and D-1 did not violate the Excessive Fines Clause of the Eighth Amendment; that the government was entitled to a judgment against the claims of Michael Gahagan; that Agnes Gahagan was not entitled to award of attorneys fees; and his motion for judgment as a matter of law was untimely.

The Court finds that Gahagan's motion for reconsideration lacks merit.  As a threshold, his motion is more properly construed as a motion for reconsideration under the Local Rules, instead

of a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e)(specifying that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment"). As documented in the Court's post trial opinion as well as continually throughout the litigation, no judgment has entered. Thus, the predicate for a Rule 59(e) motion – a judgment – is absent.

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, the Local Rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

Gahagan first argues that no evidentiary hearing is necessary because the Court noted in its opinion that no pre-seizure hearing under *United States v. James Daniel Good*, 510 U.S. 43 (1993) as codified by CAFRA, 18 U.S.C. § 985(d), was held and that point was conceded by the government. He reasons that the failure to hold such a hearing itself amounts to a due process violation and he is therefore entitled to any damages that result from the lack of the hearing. Of course, Gahagan is correct that if a pre-seizure hearing were required and not held, his burden would be to demonstrate only damages resulting from the illegal seizure. However, his argument presupposes in the first instance that, legally and factually, a seizure amounting to a displacement of his ownership interest and a due process violation occurred, an issue on which he has the burden of proof.

The Court did not hold that the mere fact that no pre-seizure hearing occurred was dispositive

of a due process or a CAFRA violation.  Rather, the Court sought to present Gahagan the opportunity to demonstrate the requisite factual and legal predicate to proving a due process violation – that he was precluded from the beneficial use of the parcels at issue such that a seizure within the meaning of both *Good* and CAFRA took place.  Because the parties present competing allegations as to Gahagan's ability to access, use, develop the parcels at issue, the Court can discern no "palpable defect" in its reasoning.  At a minimum, an evidentiary hearing would be necessary for Gahagan to prove his damages.  Presently, he has submitted only unauthenticated documents suggesting that there was oil and natural gas under Parcel E that has been lost. The Court therefore finds no merit to Gahagan's first argument.

Gahagan next contends that the Court erred in its analysis under the Eighth Amendment and CAFRA essentially because the Court could not base its analysis on a proceeds theory – specifically by identifying conduct that occurred before 1978 –  because that theory was not available on a retroactive basis as noted by the first judge to preside over the case, Judge James Churchill.  *See* Dkt # 403 (reasoning that "Title 21 U.S.C. § 881 (a)(6) may not be retroactively applied to drug trafficking activity that occurring before November 10, 1978, the effective date of the statute").

Gahagan's *ex-post facto* analysis presents little cause for concern.  Assuming the truth of Gahagan's allegations, in addition to finding that the parcels were subject to forfeiture on a proceeds theory, the jury also found that the parcels were subject to forfeiture on a facilitation theory, which was available to the government before 1978.  In addition, the Court is satisfied that evidence adduced at trial was sufficient to support a conclusion that ninety percent of the respective parcels derived from the proceeds of illegal activity that post-dated 1978.  The Court therefore finds no "palpable defect" in its reasoning and therefore will deny Gahagan's motion with respect to his

second argument.

Third, Gahagan argues that this Court improperly found that the government was entitled to entry of judgment on the claims of Michael Gahagan. The Court reasoned that although nothing in CAFRA appeared to preclude the transfer of an innocent ownership defense along with the conveyance of a joint tenancy interest with rights of survivorship from Michael Gahagan to Gahagan by way of a 2004 quit claim deed, neither Gahagan brother notified the government or the Court of the transfer of interest or the associated innocent owner defense as required by Federal Rule of Civil Procedure 25.

Gahagan now appears to argue that the Court was put on notice on October 10, 2006 with ample time to make an appropriate decision as to Michael Gahagan's continuing interest in the litigation and that the legal description on the quit claim deed incorrectly included all parcels instead of simply Parcel E. He also maintains that this Court's indecisiveness with respect to Michael Gahagan's legal status as a claimant is to blame.

Gahagan's argument fails to persuade the Court that he complied with his obligation under the Federal Rules to place the Court and the government on notice by *appropriate motion practice*. The ample time of which Gahagan speaks essentially includes fourteen days preceding trial when the issue arose in response to Michael Gahagan's absence and his lack of defense of the case. The quit claim deed was recorded in 2004; there was ample time for Gahagan to notify the Court and government other than by way of a motion to withdraw filed on Michael Gahagan's behalf, by his brother Daniel, on October 16, 2006 that included for the first time a copy of the quit claim deed.

Moreover, as of October 16, 2006, the Court by order placed Michael Gahagan on notice that his claims were subject to default for lack or any meaningful participating in pretrial matters. That

order provided for the possibility that Michael Gahagan could challenge the Court's reasoning by showing up on the first day of trial. Michael Gahagan did not attend the trial until several days later only to be called by his brother as a witness. There is no legal or equitable basis to support Gahagan's argument. The Court therefore finds "no palpable defect" in its reasoning concerning the claims of Michael Gahagan.

Similarly, the Court cannot discern the existence of any palpable defect with respect to its decision on Gahagan's motion for attorney fees on behalf of his deceased mother, Agnes Gahagan. Gahagan argues that the Court misconstrued the nature of the motion. Gahagan intended simply to place the Court on notice that a previous motion on the same issue remained unresolved. Gahagan then proceeded to in detail to address the merits of the Court's holding. Until Gahagan can demonstrate that he is a bona fide representative of the estate and that his privileges to practice law in this District have been reinstated, the Court will not entertain any further argument on the merits of the propriety of a grant of attorneys fees.

Finally, Gahagan believes that the Court inappropriately found that his motion for judgment as a matter of law was untimely. According to him, the ten day period under Rule 50 begins to run when judgment is entered, not when the jury renders its verdict. Rule 50 provides, in relevant part:

> (b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment or –  if the motion addresses a jury issue not decided by a verdict – no later than 10 days after the jury was discharged. The movant may alternatively request a new trial or join a motion for a new trial under Rule 59.

However, Gahagan ignores the predicate for bringing such a motion, namely that a motion for

judgment as a matter of law was made during trial before the close of proofs:

> (a) Judgment as a Matter of Law.
>
> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>     (A) resolve the issue against the party; and
>     (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Although he correctly notes that a formal motion need not be filed and that the Court can, in effect, solicit a party to make a *de facto* motion for judgment as a matter of law, the Court thoroughly explained in its opinion that Gahagan did not raise judgment as a matter of law as an issue during trial:

> In order to get around the plain language of the Rule, Gahagan argues that in effect the Court on its own motion brought up the issue of judgment as a matter of law. He cites to *Federal Deposit Ins. Corp v. Dixon*, 791 F.2d 932 (6th Cir. 1986) (unpublished) (table), for the proposition that the as long as the issue is raised and discussed before the case is submitted to the jury, Rule 50(a) and (b) are satisfied. To be sure, that case does stand for the proposition that no formal motion need be filed that invokes the magic words "judgment as a matter of law." In fact, it is sufficient if the court in an effort to efficiently address what surely will be a request for judgment as a matter of law, solicits the parties' arguments on the issue instead of requiring them to file a formal motion.
>
> In this case, Gahagan claims that the court raised the issue of judgment as a matter of law and actually ruled that there was no viable facilitation theory with respect to Parcel D-3. He then claims that the government, although it did not initially challenge the ruling, raised the issue again by arguing to the Court that the government need only prove an intent to facilitate.
>
> Gahagan misreads both the scope of the Court's decision and its intent. When the Court raised the issue of facilitation on D-3, it did so in conjunction with the preparation of jury instructions. Ultimately, the government agreed that there was no

> viable facilitation theory with respect to D-3, and the verdict form reflects this agreement.

Dkt # 822, Op.& Order at 33 (May 8, 2007). Thus, even assuming Gahagan's argument is correct, Gahagan failed preserve his motion for judgment as a matter of law at trial. The Court therefore finds no basis to grant Gahagan's motion for reconsideration in this respect.

Finally, in preparation for the April 5, 2007 status conference, Gahagan and the government were directed to meet and confer as to a proposed judgment of forfeiture to be drafted by the government. Gahagan was asked to identify any objections and communicate those objections to the Court. At the status conference, Gahagan stated the objections he had to the proposed judgment had been noted in an 1998 filing entitled "Corrections to the Proposed Amended Judgment of Forfeiture." The Court has reviewed the document and can find little relevance of the objections outlined in the 1998 filing to the present stage of the litigation including jury's finding at trial. The Court therefore will enter the judgment of forfeiture.

Accordingly, it is **ORDERED** that Gahagan's motions for reconsideration [dkt # 824] is **DENIED**.

It is further **ORDERED** that the Court's portion of the Court's March 29, 2007 order directing the government to respond to the motion for reconsideration is **VACATED**. The balance of the order remains in effect.

It is further **ORDERED** that the evidentiary hearing on Gahagan's motion for tax relief and property damages remains scheduled for **May 14, 2007 at 9:30 a.m.** and that Gahagan shall furnish to the Court and government a proposed witness list on or before **May 1, 2007**.

It is further **ORDERED** that Gahagan may file a motion for summary judgment on his claims for tax relief and property damage on or before **April 24, 2007** as discussed at the April 5,

2007 status conference.

              s/Thomas L. Ludington
              THOMAS L. LUDINGTON
              United States District Judge

Dated: April 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2007.

         s/Carol J. Greyerbiehl
         CAROL J. GREYERBIEHL