UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 87-10338-BC
        Honorable Thomas L. Ludington

REAL PROPERTY IN SECTION 9,
TOWN 29 NORTH, RANGE 1 WEST,
TOWNSHIP OF CHARLTON,
OTSEGO COUNTY, MICHIGAN,

        Defendant,

DANIEL S. GAHAGAN,

        Claimant.

_____/

## ORDER DENYING CLAIMANT'S MOTION FOR NEW TRIAL

Presently before the Court is claimant Daniel Gahagan's motion for a new trial. He asserts that the Court "unconstitutionally allowed evidence *ex-post facto* to aggravate a crime before it was illegal." Gahagan Mot. New Trial at 1. The Court has reviewed the parties' submissions, finds that the relevant law and facts have been set forth in the motion papers, and concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The Court can discern no error of law and therefore will deny Gahagan's motion.

The decision to grant a new trail rests within the district court's sound discretion. However, the Court will only grant a new trial if it is reasonably apparent that prejudicial error has permeated the proceedings and that substantial justice has not been carried out. *See Olefins Trading, Inc. v. Han Yang Chem. Corp*, 9 F.3d 282 (3d Cir. 1993) (noting that the district court's power to grant new

trial is limited to those circumstances where a miscarriage of justice would result if the verdict were to stand).  Ultimately, the moving party bears the heavy burden of showing that prejudicial error permeated the proceedings and a new trial is necessary to achieve justice.  *Pacific Employer's Insurance Co. v. P.B. Hoidale Company, Inc.*, 804 F. Supp. 137, 140 (D. Kan. 1992). Generally, there are three grounds that may potentially justify granting a new trial: (1) insufficiency of the evidence; (2) errors of law; and (3) erroneous evidentiary rulings.  *Ibid.* Any error, however, must be exceptional, substantial, and fundamental.  *Ibid.*

Gahagan's argument is premised on what he believes was the jury's improper consideration of events that occurred *before* both the "facilitation" and "proceeds" theories were codified in the modern civil forfeiture statute as methods of proving that real property is subject to forfeiture . *See* 21 U.S.C. § 881(a)(7) (Oct. 12, 1984) (facilitation theory); 21 U.S.C. § 881(a)(6) (Nov. 10, 1978) (proceeds theory).  Gahagan insists that these laws have only prospective effect and the jury therefore was not permitted, in finding that  parcels C-1 and D-2 were subject to forfeiture, to consider conduct that occurred before the statutory effective dates.  Because this Court permitted evidence of acts occurring before those dates to go to the jury, the *Ex-Post Facto* Clause of the Constitution was violated.

Notwithstanding the fact that this argument and similar ones have been advanced throughout this lengthy litigation, Gahagan misunderstands both the law and the procedural posture of the case. First, it is unclear whether sections 881(a)(6) and 881(a)(7) are sufficiently "punitive" to have constitutional implication.  *See Galvan v. Press*, 347 U.S. 522, 531-32 (1954) (noting that civil forfeiture proceeding generally do not present *ex-post facto* concerns).  Sections 881(a)(6) and 881(a)(7) are neither crimes themselves nor do they criminalize drug trafficking.  *Monocchio v.*

*Kusserow*, 961 F.2d 1539, 1541-42 (11th Cir. 1992) (reasoning that the punitive nature of the sanction determines whether the measure implicates the Double Jeapordy and *Ex-Post Facto* Clauses).

More fundamentally, Gahagan ignores the fact that on appeal he convinced the Sixth Circuit to give retroactive application to the Civil Asset Forfeiture Reform Act (CAFRA), 18 U.S.C. § 983 (2000) to his case. *See United States v. Real Property in Section 9, Town 29 North, Range 1 West, Tp of Charlton, Otsego County, Mich.*, 241 F.3d 796 (6th Cir. 2001). However, with that success came a clear mandate from the court of appeals. The matter was remanded to this Court specifically "for further proceedings applying the new forfeiture statute to this case." *Id.* at 800. CAFRA, passed in 2000, codified both theories, facilitation and proceeds, for proving that real property is subject to forfeiture. Thus, when the case was remanded, the court of appeals gave this Court license to reexamine the entire case under CAFRA including, without limitation, whether the evidence supported facilitation and proceeds theories.

The Court believes that in light of the broad mandate by the court of appeals to consider the entire case in light of CAFRA and the likelihood that this civil forfeiture case was insufficiently punitive to implicate the *Ex-Post Facto* Clause of the Constitution, no prejudicial error permeated the proceedings such that justice requires a new trial.

Accordingly, it is **ORDERED** that the claimant's motion for a new trial [dkt # 835] is **DENIED**.

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: June 29, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 29, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS