UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 87-10338-BC
        Honorable Thomas L. Ludington

REAL PROPERTY IN SECTION 9,
TOWN 29 NORTH, RANGE 1 WEST,
TOWNSHIP OF CHARLTON,
OTSEGO COUNTY, MICHIGAN,

        Defendant,

DANIEL S. GAHAGAN,

        Claimant.
_____/

## **ORDER DENYING PARTIES' MOTIONS FOR RECONSIDERATION**

Presently before the Court are motions filed by the government and claimant Daniel Gahagan for reconsideration of this Court's July 9, 2007 opinion and order granting in part Gahagan's motion for summary judgment. The Court has reviewed the parties' submissions, finds that the relevant law and facts have been set forth in the motion papers, and concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The Court concludes that both motions lack merit.

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, the Local Rules provide that any "motion for rehearing or

reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

In its motion, the government contends that this Court ignored key findings by predecessor judges that found that the government complied with the holdings of *United States v. James Daniel Good*, 510 U.S. 43 (1993). The Court would agree that probable cause in fact existed for the initiation of a civil forfeiture action and that, under the law applicable at the time, seizure of the property was not a statutorily prohibited method of protecting the property. However, the Court is not persuaded that there has been any historical substantive attention, at least post-CAFRA, given to the restrictions on Gahagan's use of the property during the pendency of the forfeiture action. This contention, however, was fully briefed by the government in its most recent papers, and the Court can discern no palpable defect.

The government also maintains that the Court ignored evidence that Parcel D-3 was treated separately. Again, this issue was fully briefed by the government in its response to Gahagan's motion for summary judgment. Nonetheless, although there is legal documentation, opinions of this Court, and a jury verdict that treats Parcel D-3 separately, the distinctions are not of practical merit given the immediate question. The Court could discern no evidence that even though Parcel D-3 was not Gahagan's home, in practice the government's intent was to treat D-3 differently than the improved parcels. The Court finds no basis to revisit the issue on this ground.

Gahagan's papers, in the Court's view, simply repeat the claims that he has advanced in practically every submission he has filed with the Court in the recent past. Those claims merit no discussion. They have been fully briefed, considered several times, and rejected.

Accordingly, it is **ORDERED** that the government's motion for reconsideration and Gahagan's motion for reconsideration [dkt # 855, 856] are **DENIED**.

                                                                  s/Thomas L. Ludington
                                                                   THOMAS L. LUDINGTON
                                                                   United States District Judge

Dated: July 26, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2007.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS